# United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA,

v.

UNDRAY HELLER,

    Defendant.

CR 218-056-7

## ORDER

Before the Court is Defendant Undray Heller's motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A), as amended by the First Step Act. Dkt. No. 390. For the reasons below, Heller's motion is **DENIED**.

## BACKGROUND

On December 16, 2019, Heller was sentenced to a term of forty-eight months' imprisonment with the Bureau of Prisons ("BOP"), to be served concurrently with any state probation revocation sentence, after pleading guilty to one count of unlawful use of a communication facility, in violation of 21 U.S.C. §§ 843(b), (d)(1). Dkt. Nos. 282, 283, 333. Heller has now filed a motion for compassionate release. Dkt. No. 390.

According to the BOP website, Heller is being housed at FCI Tallahassee in Tallahassee, Florida, and has a projected release date of June 19, 2022.

## LEGAL AUTHORITY

Compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018. That statute reads, in pertinent part:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>>> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

In application note 1 to the policy statement, § 1B1.13, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. See United States v. Wilkes, 464 F.3d 1240, 1245 (11th Cir. 2006)

("Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines." (internal quotation marks omitted)). The note provides as follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

3

>    (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

>    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

## DISCUSSION

Heller moves the Court for compassionate release pursuant to 18 U.S.C. § 3582(c). Dkt. No. 390.

### I. Exhaustion of Administrative Remedies

Generally, before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). Attached to Heller's motion are two "Inmate Request to Staff" forms Heller submitted to the BOP, in which he requests compassionate release. Dkt. No. 389. The Government thus concedes that Heller has exhausted his administrative remedies. Dkt. No. 393 at 8 n.3.

### II. Extraordinary and Compelling Reasons

A defendant has the burden to show circumstances meeting the test for compassionate release. United States v. Willingham, No. CR 113-010-1, 2020 WL 2843223, at *2 (S.D. Ga. June 1, 2020); see generally, United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013); United States v. Saldana, 807 F. App'x 816, 820 (10th Cir. 2020) ("[O]ur cases require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction."). In his motion before the Court, the only basis

5

Heller cites in support of his compassionate release is the COVID-19 pandemic. Dkt. Nos. 389, 390. Heller cites no other bases, i.e., no medical condition or age or family-related circumstance. In its opposition brief, the Government argues that Heller has failed to provide any current evidence that COVID-19 would diminish his ability to provide self-care in the facility and from which he would not be expected to recover. Dkt. No. 393.

After reviewing Heller's motion and the Government's response, the Court concludes that Heller has not met his burden of showing an "extraordinary and compelling reason" for compassionate release. According to the BOP website as of July 24, 2020, there were confirmed active cases of COVID-19 among seven staff members and zero inmates at FCI Tallahassee where Heller is incarcerated. See bop.gov/coronavirus/. In the absence of a serious medical condition, Heller's "generalized concern about possible exposure is at this point too speculative to qualify as extraordinary and compelling." United States v. McCloskey, No. CR 418-260, 2020 WL 3078332, at *5 (S.D. Ga. June 9, 2020); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially

considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

## CONCLUSION

For the above reasons, Heller's motion for compassionate release, dkt. no. 390, is **DENIED**.

**SO ORDERED**, this 27 day of July, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA